UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | | |
| MADELIENE Y. JEFFREYS ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 1:20-cv-00331-MSM-LDA | |
| ) | | |
| MARCIA L. FUDGE,[1] SECRETARY ) | | |
| U.S. HOUSING & URBAN ) | | |
| DEVELOPMENT, et al ) | | |
| Defendants. ) | | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | | |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

## I.   BACKGROUND

Plaintiff Madeliene Jeffreys was for some period certified as a live-in aide for her daughter and grandson, both of whom are disabled.  Her daughter qualifies for Section 8 housing.  Section 8 is a rent-subsidy program for low-income tenants, funded federally but administered through local public housing authorities ("PHAs"). *Langlois v. Abington Housing Auth.,* 207 F.3d 43, 45 (1st Cir. 2000).  *See* 42 U.S.C. §

---

[1] HUD Secretary Marcia L. Fudge has been automatically substituted for her predecessor as Secretary, Ben Carson, by operation of Fed. R. Civ. P. 25(d).

1437f.  The program was created by a 1974 amendment to the Housing Act of 1938. *Id.* The amount of the subsidy, and the size of the unit subsidized, are determined by family size.[2]  24 C.F.R. 982.402(a)(1).  Eligibility must be re-asserted and shown each year.  *DeCambre v. Brookline Housing Auth.,* 826 F.3d 1, 4 (1st Cir. 2016).

A live-in aide must be counted as a family member and that status is, therefore, directly related to the amount of the rent subsidy.  24 C.F.R.982.402(b)(6).  The only people who may reside in a unit are family members, a foster child, and a live-in-aide with PHA approval.  *Id.,* 982.551(h)(4).  Although qualification to have a live-in aide must be supported by medical evidence, the regulations are quite strict that the PHA "must approve a live-in aide if needed as a reasonable accommodation in accordance with 24 C.F.R. Part 8 to make the program accessible to and usable by the family member with a disability."  *Id.* at 982.316(a).  If there is sufficient medical evidence of a disabled family member, a PHA cannot refuse to certify a live-in aide except in cases of fraud or other criminal acts, drug-related criminal activity, or unpaid rent. *Id.* at 982.316(b)(1)-(3).

In this case, Ms. Jeffreys asserts that when it came time to renew the medical disability of her daughter, the doctor's office erroneously returned a blank form to the Woonsocket Housing Authority ("WHA"), the relevant PHA here.  According to the allegations of the Complaint, which must be taken as true at this stage of the case, the WHA did not inform Ms. Jeffreys that it had received a blank form until its

---

[2] There must be at least one bedroom for each two persons.  *Binns v. City of Marietta Georgia,* 704 Fed. Appx. 797, 800 (11th Cir. 2017).

deadline for documents had passed, even though it received the blank form several days before the deadline.[3]   Both the doctor's office and Ms. Jeffreys allegedly contacted the WHA in an attempt to obtain a new form or to get the agency to accept medical documentation by way of a letter on letterhead instead. Multiple attempts were unsuccessful; Ms. Jeffreys names a "Ms. Ferri" at the WHA as the person who "refused to send the form though she had stated earlier on July 10th 2019 that she would, …."   This despite a month's worth of efforts by both Ms. Jeffreys and office personnel at the doctor's office.  On July 1, the agency denied re-certification because of the lack of documentation; the agency allegedly wrote, "[w]e based our decision upon statements from 'Dr. Fischer' at Coastal Medical," but, Ms. Jeffreys protests, there were no statements from the doctor and no contact with him.

## II.    HUD Motion to Dismiss

HUD moves to dismiss, and the Motion brought by the Secretary and HUD's General Counsel (ECF No. 11) is GRANTED.  The Complaint makes no mention whatsoever of HUD, its General Counsel (who was sued along with the Secretary), or any employee of HUD.   Every factual assertion identifies only the WHA or its employee, Ms. Ferri, as a wrongdoer.   In such a case, the named defendant is entitled to dismissal.  *Redondo Waste Systems, Inc. v. Lopez-Fretes,* 659 F.3d 136, 140 (1st

---

[3] One of Ms. Jeffreys' complaints is that the agency used an arbitrary deadline of June 17, 2019, for documentation, even though the lease term did not renew until August 1, 2019.

Cir. 2011) (where complaint devoid of factual allegations linking a defendant to actionable conduct, it fails the plausibility test).

### III.   Woonsocket Housing Authority and Ms. Ferri

The Woonsocket Housing Authority presents an entirely different issue.  The Court *sua sponte* notes that the WHA is *not* named in the caption, but every factual statement alleges *its* wrongdoing or that of its employee.  This raises two questions: first, are the WHA and its employee, by virtue of the specificity of the Complaint's allegations, *de facto* defendants? And second, is it reasonable to deem them defendants because the Complaint states a plausible cause of action against them?

<u>Rule 10.</u>

Fed. R. Civ. P. 10(a) requires that the caption name "all the parties."  Neither the WHA nor any of its employees are named in the caption.  A body of case law, however, has developed holding that, at least where the plaintiff is *pro se,* a party may be deemed a defendant and considered sued, if there are sufficient factual details in the Complaint to plead a cause of action.[4]  The two leading cases are *Trackwell v. United States Gov't.,* 472 F.3d 1242 (10th Cir. 2007), and *Rice v. Hamilton Air Force Base Commissary,* 720 F.2d 1082 (9th Cir.1983).  In *Trackwell,* a *pro se* plaintiff complained that his application for Supreme Court review addressed to Justice

---

[4] A separate doctrine holds that where a party is misnamed in the caption, the Court can correct the name if it is clear in the body of the Complaint who was intended to be sued.  *Callahan v. Wells Fargo & Co.,* 747 F. Supp.2d 247, 253 (D. Mass. 2010).  Here it is not clear that Ms. Jeffreys thought that HUD was the correct name of the WHA and that the caption was simply a misnomer.

Stephen Breyer had not been delivered.  Holding that "courts may look to the body of the complaint to determine who the proper defendants are," the Tenth Circuit declared that the Supreme Court Clerk was the intended defendant and would be treated as such.  *Trackwell,* 472 F.3d at 1243-44.  In *Rice,* the plaintiff sued the commissary instead of the Secretary of the Navy who was the proper defendant as the actual employer.  Reversing the district court's dismissal under Rule 10, the Ninth Circuit held that "a party may be properly in the case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Rice,* 720 F.2d at 1085.  While *Rice* was decided under Title VII, it has been cited for its general proposition.  *E.g., Barsten v. Dept. of the Interior,* 896 F.2d 422, 423 (9th Cir.1990).[5]

The First Circuit seems not to have squarely addressed this question, but other district courts in this Circuit have.  At least two district courts, citing *Trackwell,* 472 F.3d at 1243-44, have held that where the identity of a party is unclear, a court can look to the body of the complaint.  *Oberg v. City of Taunton,* 972 F. Supp.2d 174, 186 n. 19 (D. Mass. 2013) and *Levesque v. Rutland County Sheriff's Dept.,* No. 09-cv-437-JL, 2010 WL 4916567, at *2 (D.N.H. 2010).  A Magistrate Judge in this District has noted that the Complaint's caption is not dispositive of the identity of the parties in

---

[5] "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court.  If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else." *Barsten,* 896 F.2d at 423 (quoting *United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872, 873 (4th Cir. 1947).

the case of a misnomer if it is clear from the body of the Complaint who was the actual intended defendant.  *Bolden Metech, Inc. v. United States,* 140 F.R.D. 254, 257 (D.R.I. 1991).

Here, Ms. Jeffreys clearly intended to sue the WHA and its employee, Ms. Ferri.  Therefore Ms. Jeffreys shall, within thirty days of this Order, submit completed requests for service to the U.S. Marshals for service on the WHA and Ms. Ferri.

## Claims for Relief

Title VIII of the Civil Rights Act of 1968, the Fair Housing Act ("FHA"), does not establish a private right of action.  *NAACP v. Sec'y of Hous. & Urban Develop.,* 817 F.2d 149, 153-54 (1st Cir. 1987) (holding administrative review appropriate); *Reyes-Garay v. Integrand Assur. Co.,* 818 F. Supp.2d 414, 430-31 (D.P.R. 2011).  Ms. Jeffrey's attempt to sue directly for money damages for a violation of the FHA is therefore dismissed.

Ms. Jeffrey has, however, claimed a denial of due process and has invoked 42 U.S.C. § 1983 to seek redress for that injury.  While § 1983 does not confer affirmative rights, it provides a mechanism to enforce rights bestowed by law or Constitution. *Long v. D.C. Hous. Auth.,* 166 F. Supp.3d 16, 28-29 (D.D.C. 2016) (applying *Gonzaga Univ. v. Doe,* 536 U.S. 273, 283 (2002)).  A PWA is required to grant live-in-aide status absent a few explicit disqualifiers; moreover, it is required to follow a procedure for evaluating such applications.  Particularly where renewal of a previous benefit is involved, continuing to receive assistance is a sufficient property interest to warrant

due process protection.  *Id.*  In *DeCambre,* the First Circuit held rent ceilings under Section 8 enforceable through § 1983.  826 F.3d at 13.   *See also, Gammons v. Mass. Dept. of Hous.. and Cmty. Dev.,* 523 F. Supp.2d 76, 84 (D. Mass. 2007) (alleged failure to rely on preponderance of the evidence when terminating rent subsidy stated a due process claim under § 1983); *Long,* 166 F. Supp.3d at 32-33 (continued eligibility of a registered sex offender for subsidized housing cognizable under § 1983).  *See also, Wright v. City of Roanoke Redev, & Hous. Auth.,* 479 U.S. 418, 429 (1987) (pre-*Gonzaga* decision holding that the entitlement to a reasonable utility allowance qualified as an enforceable right under § 1983).

Ms. Jeffreys alleges that the WHA, and Ms. Ferri in particular, obstructed her from following the process that existed to enable her to be re-certified as a live-in aide by refusing to provide a duplicate form while at the same time insisting that medical documentation could be submitted *only* on that withheld form.  That, plus the allegations that the decision was based on false evidence and the documentation deadline was arbitrary, sufficiently states a claim for deprivation of due process under § 1983.

## IV.      CONCLUSION

Ms. Jeffreys has done most of the work to obtain a forum in which to litigate her claims that she was deprived of her status as a live-in aide without due process and that this action cost her $2,928 in excess rent.[6]   There is still one step to

---

[6] Ms. Jeffreys presumably seeks declaratory relief that would entitle her to a reconsideration and future live-in-aide status, as well as monetary damagesz.

accomplish, however, before this claim can move forward.  She is directed to complete the steps for *in forma pauperis* service on the WHA and Ms. Ferri, the only defendants against whom, absent some amendment of the Complaint, this case will proceed.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

April 26, 2022